IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VOCATIONAL CONSULTANTS, LTD.,
an Illinois Corporation, LINDA S. MILLER,
and RITA M. STEPHENS,

**Plaintiffs,**

v.

H & R BLOCK TAX SERVICES, INC.,
A Foreign Corporation, WALNUT
BUSINESS CENTER, LLC, and
DAVID E. FREEDHEIM,

**Defendants.**                              Case No. 13-cv-1138-DRH-DGW

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, Chief Judge:**

### I.    Introduction

Before the Court is H&R Block Franchise Services LLC's deficient notice of removal (Doc. 2). In light of various jurisdictional inadequacies, the Court is obligated to *sua sponte* raise the issue of whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")).

## II. Law

H&R Block Franchise Services LLC (H&R Block) removed this case on the basis of diversity jurisdiction. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000.00, exclusive of interest and costs. The removing party bears the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Id.*

The Court finds that, at this time, H&R Block adequately alleges that the amount in controversy requirement is met. Thus, this Order focuses on H&R Block's deficiencies regarding allegations of complete diversity.

First, complete diversity means "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't. Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

As for individuals, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir. 2002).

As for corporations, a corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1), meaning its "nerve center"-- "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Finally, as to limited liability companies, the Seventh Circuit has made abundantly clear that parties must allege the citizenship of all the members of a limited liability company through all the layers of ownership until the Court reaches only individual human beings and corporations to adequately allege citizenship of such entities. *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[w]e have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be'") (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship.

### III. Application

Due to numerous inadequacies and a general lack of information, the matter of whether this Court has jurisdiction over this case is unnecessarily complicated.

As to the identities of the parties involved, the plaintiffs are as follows: Vocational Consultants, Ltd. (VCL), Linda S. Miller (Miller), and Rita M. Stephens

(Stephens). As for VCL, plaintiffs' complaint alleges VCL is an Illinois corporation with its principal place of business in Illinois. On this basis, the citizenship of VCL is adequately alleged. However, as to Miller and Stephens, H&R Block's notice of removal generically says that "according to the Complaint, Plaintiffs are citizens of the forum state, Illinois." Based on this Court's review, it does not appear plaintiffs' complaint alleges the citizenship of either Miller or Stephens. Thus, H&R Block's statement that "Plaintiffs are citizens of Illinois," is inadequate.

As for defendants, H&R Block alleges it is improperly named in plaintiffs' complaint as H&R Block Tax Services, Inc. H&R Block alleges it is an LLC. However, H&R Block's notice of removal states H&R Block is a Missouri corporation with its principal place of business in Missouri. Thus, if H&R Block is improperly named as a corporation when the correct entity is a limited liability company, then of course its allegations are insufficient for jurisdictional purposes. As to the unserved defendants, H&R Block merely contends that Walnut Business Center, LLC (Walnut) is "upon information and belief a citizen of the State of Illinois," without alleging the citizenship of its members. Finally as for David E. Freedheim (Freedheim), H&R Block's notice adequately states, "upon information and belief, Freedheim is a citizen of the State of California."[1]

---

[1] The Court notes that H&R Block alleges that the Court should disregard the citizenship of Walnut on the basis of fraudulent joinder. To this extent, the Court does not now address H&R Block's arguments, as the basic deficiencies addressed above must first be resolved before the

## IV. Conclusion

In summary, the Court simply cannot ascertain whether it has jurisdiction over this case on the basis of the complaint and H&R Block's notice of removal. In light of the above, H&R Block is **DIRECTED** to file an amended notice of removal on or before **November 26, 2013,** which adequately alleges diversity of citizenship. H&R Block's failure to file an adequate amended notice of removal shall result in remand of this action. Further, as to H&R Block's allegation that plaintiffs' complaint improperly names it as a corporation, plaintiffs are directed to notify the Court by **November 19, 2013,** as to whether they intend to move to amend their complaint on this basis, as a proper record is required before the Court can determine whether subject matter jurisdiction exists. Should plaintiffs move to amend their complaint, the Court directs plaintiffs to this district's local rules pertaining to motions and amended pleadings. *See* SDIL-LR 7.1 and 15.1.

**IT IS SO ORDERED.**

Signed this 12th day of November, 2013.

Digitally signed by
David R. Herndon
Date: 2013.11.12
16:43:04 -06'00'

**Chief Judge
U. S. District Court**

---

Court can properly address arguments as to fraudulent joinder, which will most likely be before the Court through a motion to remand brought by plaintiffs.